UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PROGRESSIVE MICHIGAN INS. CO., et al.,

Plaintiff,

v.

ACCULIANCE HOLDINGS, INC., et al.,[1]

Defendant.

No. 2:26-cv-00122-DC-CSK

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

(Doc. No. 13)

This matter is before the court on Plaintiffs' motion to remand this case to the Sacramento County Superior Court. (Doc. No. 13.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 16.) For the reasons explained below, the court will grant Plaintiffs' motion to remand.

**BACKGROUND**

This action concerns coverage under two insurance policies Plaintiffs issued to Defendants National Capital Logistics LLC and Venita K Logistics LLC, and whether Plaintiffs have a duty to defend the insured parties in an underlying lawsuit. (Doc. No. 1-3 at ¶ 9.)

[1] In the notice of removal and the parties' filings in this case, the name of Defendant Aculliance Holdings, Inc., is spelled Aculliance, not Acculiance, as shown on the docket. (*See* Doc. No. 1, 12.) Accordingly, the court will direct the Clerk of the Court to correct the spelling of Defendant Aculliance Holdings, Inc. on the docket in this case.

Specifically, on August 11, 2025, Defendant Aculliance Holdings, Inc. ("Aculliance") filed a complaint in the United States District Court for the Northern District of California, Case No. 4:25-cv-06776 (the "Carmack Case"), alleging violations of state law and the federal Carmack Amendment, 49 U.S.C. § 14706, related to lost cargo that certain insured parties agreed to deliver from California to Florida. (Doc. No. 1-3 at 20–26.)

Plaintiffs subsequently filed this action on January 6, 2026, in the Sacramento County Superior Court seeking declarations that Plaintiffs do not have a duty to defend or indemnify various parties in the Carmack Case under the relevant insurance policies. (Doc. No. 1-3 at 9 – 14.) Defendant Aculliance then timely removed this action to this court on January 14, 2026, asserting this court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 (diversity jurisdiction),[2] 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). (Doc. No. 1.)

Plaintiffs filed the pending motion to remand this action back to the Sacramento County Superior Court on February 25, 2026. (Doc. No. 13.) Defendant Aculliance filed an opposition to the motion on March 11, 2026. (Doc. No. 14.) Plaintiffs filed a reply thereto on March 20, 2026. (Doc. No. 15.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal

[2] Though Defendant Aculliance raised diversity jurisdiction as a basis for removal in its Notice of Removal (Doc. No. 1), Plaintiffs' counsel states Defendant Aculliance conceded during meet and confer efforts that the court lacks diversity jurisdiction. (Doc. Nos. 13; 13-2.) Indeed, Defendant Aculliance does not raise diversity jurisdiction in its opposition. (Doc. No. 14.) Thus, the court will not address diversity jurisdiction.

jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). “If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.” 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

“The presence or absence of federal-question jurisdiction is governed by the ‘well-pleaded complaint rule,’ which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff’s properly pleaded complaint.” *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). “[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.” *Id.* at 398–99.

“Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint.” *Id.* at 392. However, once an area of state law has been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *Id.* at 393.

## ANALYSIS

### A. Federal Question Jurisdiction

Plaintiffs argue the court lacks federal question jurisdiction over the claims in this action. (Doc. No. 13-1 at 4–6.) The court agrees. As Plaintiffs correctly contend, this is an insurance coverage case. *Id.* at 2. Plaintiffs in their complaint seek declaratory relief, specifically asking the court to determine the parties’ defense and indemnification obligations under two insurance policies. (Doc. No. 1-3.) Plaintiffs assert no other causes of action. *Id.* In essence, Plaintiffs ask

the court to interpret two insurance policies. "Construction of an insurance policy is governed by state law." *Esparza v. Burlington Ins. Co*., 866 F. Supp. 2d 1185, 1194 (E.D. Cal. 2011), *aff'd sub nom. Esparza Enters., Inc. v. Burlington Ins. Co*., 522 F. App'x 400 (9th Cir. 2013). Plaintiffs' complaint therefore contains only claims arising under state law. Because there are no claims arising under federal law on the face of the complaint, the court does not have jurisdiction pursuant to 28 U.S.C. § 1331. *See Caterpillar Inc.*, 482 U.S. at 392.

In opposing Plaintiffs' motion to remand, Defendant Aculliance asserts the Carmack Amendment broadly preempts state law claims relating to loss of damage to goods transported in interstate commerce. (Doc. No. 14 at 3–4.) According to Defendant Aculliance, this dispute arises from the liability of carriers for loss of goods during interstate shipment and is therefore governed by the Carmack Amendment. *Id.* But Defendant Aculliance's reliance on preemption is misguided. While Defendant Aculliance is correct that the Carmack Amendment preempts state common law actions against a common carrier for damage to belongings transported in interstate commerce, *White v. Mayflower Transit, LLC*, 481 F. Supp. 2d 1105, 1108 (C.D. Cal. 2007), "the Carmack Amendment was not intended to displace civil actions against non-carrier entities to the extent that those entities may otherwise be liable." *Taylor v. Allied Van Lines*, No. 08-cv-1218-PHX-GMS, 2008 WL 5225809, at *3 (D. Ariz. Dec. 15, 2008). Here, Plaintiffs do not assert claims against Defendants for damage to belongings transported in interstate commerce. Rather, as Defendant Aculliance acknowledges, this is an action seeking declarations regarding insurers' duties to their insureds. (Doc. No. 14 at 4.) The Carmack Amendment therefore does not preempt or govern Plaintiffs' claims.

Defendant Aculliance cites various cases in which courts held the Carmack Amendment governs actions involving insurers, but those cases are inapposite. (Doc. No. 14.) In *Atlantic Mutual Insurance Company v. Yasutomi Warehousing & Distrib., Inc*., 326 F. Supp. 2d 1123, 1125 (C.D. Cal. 2004) and *Nichols v. Mayflower Transit*, *LLC*, 368 F. Supp. 2d 1104, 1106 (D. Nev. 2003), the insurer accepted coverage and asserted claims for damage to goods against carriers on behalf of the insured. Unlike here, in *Atlantic Mutual* and *Nichols*, there was no coverage dispute. Indeed, in *Nichols*, the court expressly distinguished common carrier liability

under the Carmack Amendment from insurer liability under state contact law. *See Nichols*, 368 F. Supp. 2d at 1107–08. And in *White v. United Van Lines, Inc.*, 758 F. Supp. 1240, 1241-42 (N.D. Ill. 1991), the plaintiff sued a carrier for damage to goods and related breach of the carrier's "liability package." The court in *White* reasoned that the Carmack Amendment governed all claims because the statute preempted state law remedies for damages to goods. *Id.* at 1243. Here, by contrast, Plaintiffs do not seek remedies against Defendants for damage to goods.

Defendant Aculliance also argues this action necessarily implicates the federal statutory scheme governing interstate cargo loss because the court would be required to determine the insurers' obligations with respect to liability asserted under the Carmack Amendment. (Doc. No. 14 at 4.) The court is not persuaded by that argument because Plaintiffs' claims for declaratory relief are fundamentally state contract law claims. Though their resolution may involve determinations related to the Carmack Amendment, this alone is not sufficient to confer federal question jurisdiction. *See Millers Nat'l Ins. Co. v. Axel's Express, Inc.*, 851 F.2d 267, 269–70 (9th Cir. 1988) (rejecting plaintiff's argument that because the determination of insurance coverage follows directly from the underlying determination of liability, which itself is governed by federal law, the case arises under federal law). Interpretation of the two insurance contracts at issue here does not necessarily require the court to resolve a question of federal law or otherwise determine liability in the Carmack Case. Therefore, the court finds that it lacks federal question jurisdiction over the claims in this action.

**B. Supplemental Jurisdiction**

Finally, Defendant Aculliance argues in the alternative that the court should exercise supplemental jurisdiction over the claims in Plaintiffs' complaint pursuant to 28 U.S.C. § 1367. (Doc. No. 14 at 5-6.) But Defendant Aculliance misunderstands supplemental jurisdiction. Federal courts may assert supplemental jurisdiction over claims only where the court has original jurisdiction over the action. *See* 28 U.S.C. § 1367(a). "The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

The court does not have original jurisdiction over any claims in this action. Without a jurisdictional "hook," the court cannot exercise supplemental jurisdiction here. This is true even if the insurance coverage issues in this action arise from the same transaction and depend on the same underlying facts as the Carmack Case. *See Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997), *as amended on denial of reh'g* (June 10, 1997) ("The phrases 'in any civil action' and 'in the action' require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case."); *see also Ogaz v. Honeywell Int'l, Inc.,* No. 21-cv-740-JFW-KK, 2021 WL 2822400, at *4 (C.D. Cal. July 7, 2021) ("[A] removal petition alleging that a court has subject matter jurisdiction based on Section 1367 is improper, even if the removed action is related to another action over which the federal district court already has subject matter jurisdiction, and even if removal would be more efficient."). Defendant Aculliance therefore cannot invoke supplemental jurisdiction in this action.

Thus, the motion to remand will be granted.

**CONCLUSION**

For the reasons explained above:

1. Plaintiffs' motion to remand (Doc. No. 13) is GRANTED;
2. This action is REMANDED to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), due to this court's lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to update the docket to correct the error in the spelling of Defendant Aculliance Holdings, Inc., which is incorrectly listed on the docket as Acculiance Holdings, Inc.; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dena Coggins
United States District Judge